IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. MALONE, # B-52858, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 17-cv-935-SMY |
| ILLINOIS DEPT. of CORRECTIONS, PINCKNEYVILLE CORRECTIONAL CENTER, THOMAS SPILLER, C/O BELFORD, DONNA HEIDLEMANN, MAJOR CLELAND, and JOHN DOE (1-7), | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter is before the Court for case management. On December 4, 2017, this Court denied Plaintiff's application to proceed *in forma pauperis* ("IFP") in this case, and ordered him to pay the $400.00 filing fee no later than December 26, 2017 (Doc. 5). Plaintiff has incurred 10 "strikes" within the meaning of 28 U.S.C. § 1915(g), and is thus unable to proceed IFP unless he can demonstrate that he is in imminent danger of serious physical injury.

The deadline to pay the filing fee has passed, and Plaintiff has failed to pay. The Court's Order clearly warned Plaintiff that failure to pay the filing fee would result in dismissal of this case.

**IT IS THEREFORE ORDERED THAT** this action is **DISMISSED** with prejudice, for failure to comply with an Order of this Court. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994);

1

*Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

All pending motions are **DENIED AS MOOT.**

This dismissal shall not count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **REMINDED** that he has been **ORDERED** to **DISCLOSE** his complete litigation history in any future complaint he may file in this Court, including the fact that he has incurred ten (10) "strikes" within the meaning of 28 U.S.C. §1915(g). (Doc. 5). If Plaintiff fails to make this disclosure, any case in which his litigation history is omitted shall be subject to immediate dismissal, and Plaintiff shall continue to be liable for the full filing fee despite the dismissal.

In addition, if Plaintiff seeks to proceed IFP in a future lawsuit, but fails to demonstrate that he is in immediate danger of serious physical injury within the meaning of 28 U.S.C. § 1915(g), this Court shall consider imposing a filing ban on him. *See Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)) ("A prisoner who becomes ineligible under § 1915(g) to continue litigating *in forma pauperis*, and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits."), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("[U]npaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation.").

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

To that end, the agency having custody of the Plaintiff is **DIRECTED** to remit the $400.00 filing fee from his prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $400.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at the Pinckneyville Correctional Center upon entry of this Order.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R.

APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: January 11, 2018**

                                                     s/ STACI M. YANDLE
                                                   United States District Judge